Filed 11/21/13  P. v. Singh CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>SATNAM SINGH,<br><br>  Defendant and Appellant. | 2d Crim. No. B246881<br>(Super. Ct. No. 2011016980)<br>(Ventura County) |

Satnam Singh was charged with second degree murder (Pen. Code, § 187, subd. (a)),[1] driving under the influence (DUI) of alcohol resulting in injury (Veh. Code, § 23153, subds. (a), (b)), and leaving the scene of an accident.  (Veh. Code, §§ 20001, subd. (a), 20002, subd. (a).)  The trial court denied his motion to dismiss the murder charge under section 995.  It also denied his motion for a change of venue.

After two days of trial testimony, Singh pled guilty to the murder and DUI charges, and admitted inflicting great bodily injury (GBI) in the commission of the latter offense.  The trial court sentenced him to a two-year determinate term for the DUI charge, to be followed by a consecutive term of fifteen years to life for the murder charge.  The GBI allegation was stricken.  The court awarded appellant 550 days of presentence credit, and imposed various fines and fees.

---

[1] All statutory references are to the Penal Code.

Singh filed a timely notice of appeal challenging the validity of the plea based on ineffective assistance of counsel. The court issued a certificate of probable cause (§ 1237.5), and we appointed counsel to represent him.

While driving his vehicle in Ventura on May 11, 2011, Singh hit two bicyclists riding on the shoulder of the roadway. He did not stop although both bicyclists sustained injuries. As Singh drove away, he collided with a truck causing injuries to two of the truck's occupants. Once again, he did not stop. He subsequently hit another bicyclist, whom he killed. The 20-year-old victim was on his way to a college class. Singh continued to flee the scene, until he ultimately was stopped and arrested. Singh has no recollection of any of these events. A subsequent blood sample revealed that he had a .39 percent blood alcohol concentration.

Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On August 16, 2013, we notified Singh that he had 30 days in which to advise us of any claims he wished us to consider. We have received no response.

We have reviewed the entire record and are satisfied that Singh's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                        PERREN, J.
We concur:



GILBERT, P. J.



YEGAN, J.


2

Bruce A. Young, Judge

Superior Court County of Ventura
_____


California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.